**Yeats v. Lafean**

*E. Eugene Shelley* and *Fluhrer, Medill & Shelley,* for plaintiff.

*Mark Woodbury, 3rd,* and *Kain, Brown & Roberts,* for defendant.

SHADLE, J., May 8, 1972.—In this dispute regarding distribution of the proceeds of $60,500 from a mortgage foreclosure, and distributive shares of more than $23,000 and $10,000 each, the conflict now involves ownership of the sum of $96.66.

Plaintiff foreclosed a mortgage against property owned by defendants. The execution sale produced $60,500. The sheriff filed a schedule of distribution proposing to distribute $23,033.79 to Earle B. Lafean and $10,500 to plaintiff. Exceptions were filed by a third party, delaying distribution. Pursuant to a petition and rule, plaintiff secured payment to himself of his distributive share, it not being affected by the pending exceptions.

Earle B. Lafean thereupon filed a similar petition praying for payment to him of his distributive share, it likewise not being affected by the pending exceptions. To the rule granted thereon plaintiff filed an answer alleging that the petitioner was indebted to him for $96.66 for interest on the mortgage to the date of the execution sale, and asking that this amount be paid to him from petitioner's share and not be distributed to petitioner. To this answer, petitioner filed a reply, alleging that not only was plaintiff not entitled to any interest because it had not been claimed in the praecipe for execution, and because no exceptions had been filed by plaintiff to the schedule of distribution which awarded no interest, but that plaintiff's own distributive share should be reduced by the attorney's fees included therein because these had not been properly claimed. Both parties also advanced several other theories in support of their respective positions.

In our opinion, the sequence of events determines

the right of the parties as to the disputed $96.66 claimed as interest by plaintiff. Not only did plaintiff fail to file exceptions to the sheriff's schedule of proposed distribution in which the disputed interest was not awarded to him, he affirmatively procured distribution to himself of the amount awarded to him without any reference to the interest claim. This being so, plaintiff is now precluded from obtaining from petitioner the disputed interest out of these proceeds. If plaintiff is entitled to such interest by virtue of a stipulation in another case referred to by both parties, he can pursue his legal remedies to obtain it. Having neither claimed such interest when he issued execution, nor excepted to the sheriff's failure to list it for distribution, he is not entitled to such claim from these proceeds.

We think petitioner's objection to the scheduling and payment of an attorney's fee to plaintiff is in much the same posture. Petitioner filed no exception to the sheriff's schedule of distribution which awarded to plaintiff a share which included the attorney's fee. Neither did petitioner respond to plaintiff's petition and rule by which the latter obtained payment of his distributive share which included the attorney's fee. Consequently, petitioner is precluded at this time from questioning this item when he previously failed to timely do so in the proper manner.

## ORDER

And now, to wit, this May 8, 1972, the prayer of petitioner's petition is granted; the rule issued thereon is made absolute, and the prothonotary is directed to pay to Earle B. Lafean the additional sum of $96.66 as the remainder of his distributive share of the proceeds of the sheriff's sale in this case.

The prayer of plaintiff's petition that he be allowed to file nunc pro tunc exceptions to the sheriff's schedule of distribution claiming interest of $96.66 from respondent, and that said amount be paid to him from petitioner's share by the prothonotary, is hereby refused, and the rule issued thereon is discharged.

Exceptions are noted for both parties.